[No. 157-40290-2. Division Two. June 19, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. EMERY BERG, *Appellant.*

*Emery Berg,* pro se.
*Myron Freyd, Prosecuting Attorney,* for respondent.

PETRIE, J.—Defendant has appealed from an "Order Revoking Suspended Sentence", directing him to pay a fine of $250 and to serve a term of 90 days in the Kitsap County jail. The record reveals that on September 28, 1966, an information accusing the defendant of the crime of "failing to comply with the Motor Vehicle Wreckers Act" was filed in the Superior Court for Kitsap County. The charging portion of the information provided that on September 26, 1966[1] Emery Berg, being the holder of a motor vehicle wrecker's license, had failed to keep vehicles and parts

[1]Laws of 1965, ch. 117, § 1 and RCW 46.80.130 at that time provided:
"It shall be unlawful for any motor vehicle wrecker to keep any motor vehicle or any integral part thereof in any place other than the established place of business, designated in the certificate issued by the director of licenses, without permission of the director, and all premises containing such motor vehicles or parts thereof shall be enclosed by a wall or fence of such height as to obscure the nature of the business carried on therein where and to the extent reasonably permitted by the topography of the land, painted or stained a neutral shade which shall blend in with the surrounding premises, such wall or fence to be kept in good repair. A living hedge of sufficient density to prevent a view of the confined area may be substituted for such a wall or fence. Any dead or dying portion of such hedge shall be replaced."

thereof in the place of business designated by his license and had failed to enclose said vehicles and parts within a wall or fence so as to obscure the nature of the business.

The record further reveals that on April 17, 1967, defendant appeared in Superior Court for Kitsap County accompanied by his then attorney and entered a plea of guilty to the crime charged in the information; his plea of guilty was accepted and a suspended sentence[2] was thereupon imposed. On motion of the prosecuting attorney filed May 31, 1967, and after several hearings thereon, the court revoked the suspension, and this appeal followed.

Defendant's only arguable assignment of error challenges the trial court's authority to invoke a sentence which contemplates both payment of a fine *and* a period of confinement in the county jail. He correctly contends such a sentence cannot be imposed if the crime to which he has been adjudged guilty permits only that such penalties be imposed alternatively. *State v. Low,* 192 Wash. 631, 74 P.2d 458 (1937). RCW 46.80.130, the statute under which he was charged, provides no penalty for its violation.

■ The state contends that the penalty provisions for violations of RCW 46.80.130 are contained in RCW 46.80.120, which provides in part:

Any motor vehicle wrecker who shall fail, neglect or refuse to comply with *all of the provisions of this chapter before offering for sale and selling used parts,* shall be guilty of a gross misdemeanor and shall be punished by a

---

[2]Judgment and sentence, specifically approved by both the defendant and his then attorney, entered on April 17, 1967, provided in part:

[D]efendant shall pay a fine of $250.00, and serve 90 days in the Kitsap County Jail, both such fine and jail sentence to be suspended for one year on condition that the defendant within 30 days from the signing of this judgment and sentence comply with RCW 46.80.130, requiring said defendant to enclose any motor vehicle or part thereof with an appropriate fence on his property, and remove all vehicles from the right-of-way of the State of Washington, on Sign Route #3 (Navy Yard Highway) as required by previous order of this court. Such compliance is to be subject to the continuing inspection of the local office of the Washington State Patrol during said one year period.

fine of not more than five hundred dollars or by imprisonment for not more than six months, or by both.

(Italics ours.)

We agree with the state's contention. The italicized provisions of the statute are tantamount to a declaration that when a motor vehicle wrecker, actively engaged in that business, violates *any* provision of chapter RCW 46.80, he subjects himself to possible maximum fine of $500 *and* confinement of 6 months in the county jail.

Judgment affirmed.

ARMSTRONG, C. J., and PEARSON, J., concur.

Petition for rehearing denied July 15, 1970.